IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH LEE MCGOWAN, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-2483-N-BK |
| | § | |
| KIRSTJEN M. NIELSEN, | § | |
| ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management, which includes issuing findings and a recommended disposition. Upon review of the docket, the pleadings, and the applicable law, the Court recommends that this action be **DISMISSED** due to Plaintiff's failure to timely serve Defendants with summonses and copies of his complaint.[1]

**A. Procedural History**

In September 2018, Plaintiff, proceeding *pro se*, filed this employment discrimination action against eight federal officers and employees, alleging that he had been subjected to harassment, retaliation, and discriminatory acts dating from 2008 through his termination in June 2013. Doc. 3 at 1-6. Plaintiff paid the Court's filing fee and was thus responsible for serving summonses and his complaint on Defendants within 90 days pursuant to Rules 4(c)(1) and 4(m)

---

[1] The Court notes that this is at least Plaintiff's third suit against the same Defendants (or their successors in office) in which he filed virtually identical complaints. *McGowan v. Kelly*, No. 3:17-CV-01668-L-BK; *McGowan v. Johnson*, No. 3:15-CV-01640-M-BH. Notably, both prior cases were also dismissed due to Plaintiff's failure to timely effect service of process. *Kelly* at Doc. #21; *Johnson* at Doc. #68.

of the Federal Rules of Civil Procedure. When Plaintiff did not do so by the deadline of December 17, 2018, the Court extended the time for service to April 29, 2019 and directed Plaintiff's attention to Rule 4(i), which governs service on federal employees. Doc. 7 at 1. The Court warned Plaintiff that his failure to properly serve Defendants by that date would result in his case being dismissed unless he showed good cause for failing to do so. Doc. 7 at 2.

On April 29, 2019, Plaintiff filed a "Response" to the Court's order, requesting that the United States Marshal's Office effect service on his behalf. Doc. 8. The Court construed the pleading as a motion for an extension of time and ordered Plaintiff to serve Defendants by August 29, 2019, again directing his attention to Rule 4(i). Doc. 10.

Plaintiff thereafter filed three additional documents, two of them after the Court's deadline had passed. Doc. 11; Doc. 12; Doc. 13. In these pleadings, Plaintiff states that he either hand-delivered or sent by certified mail, copies of his complaint and summonses to (1) the "US District Attorney's Office" at an unspecified address, (2) the "Attorney General's Office" at an unspecified address, and (3) the U.S. Attorney's Office at the correct address in Dallas, Texas with return receipt included. However, neither method of attempted service is sufficient under the procedural rules.

Noting these continuing deficiencies, the Court gave Plaintiff "one final opportunity to fully comply with [Rule 4(i)]" and set a deadline of October 21, 2019. Doc. 14. On that day, Plaintiff filed two identical documents, contending that he had properly served Defendants, but also requesting that the Court permit the Marshal's Office to effect service for him. Doc. 15; Doc. 16.

**B. Applicable Law**

As noted above, Rule 4(c) places the burden on a plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice. FED. R. CIV. P. 4(m). "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted). Actions, or the lack thereof, that fall into the categories of inadvertence, mistake, or ignorance of the law are not a sufficient showing. *Id.* at 646. The Court nevertheless retains the discretion to extend the time for service even in the absence of good cause. *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

**C.   Analysis**

Plaintiff has failed to demonstrate either that Defendants were correctly served or that he has good cause for failing to serve them more than a year after he filed his complaint. *Kreimerman*, 22 F.3d at 645-46. Rather, Plaintiff alternately argues that either the Court is incorrect because he has complied with Rule 4 or that the Court should be lenient because he does not understand the law.

First, the Court did not err in finding Plaintiff's numerous attempts at service inadequate. Putting aside the various deficiencies in Plaintiff's submissions noted above, his most glaring error is repeatedly attempting to personally serve process in his own case. The rules do not permit this. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added).

3

As for Plaintiff's request for leniency, the Court has been more than patient in granting him extensions of time and guiding him to the correct subsections of Rule 4.   However, the only conclusion left at this point is that Plaintiff simply cannot or will not comply with the Court's orders and Rule 4.   And because Plaintiff has had numerous opportunities to properly serve Defendants and has failed to show good cause for his failure to do so, no additional extension of time is warranted, and dismissal of this case is appropriate.   *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice against numerous defendants pursuant to Rule 4(m) due to plaintiffs' failure to effect service of process properly, notwithstanding numerous extensions of time allowed by the court); *Winegarner v. Cinemark Holdings, Inc.*, No. 4:09CV627, 2010 WL 5489617, at *3-5 (E.D. Tex. Oct. 27, 2010) (holding that dismissal of claims was warranted where the *pro se* plaintiff had multiple opportunities to effect service on the defendants, but failed to do so), *adopted by* 2011 WL 13837 (E.D. Tex. Jan. 4, 2011).

**D.   Effect of Dismissal**

The running of the statute of limitations does not bar a dismissal for failure to effect timely service under Rule 4(m).   *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993). Nevertheless, such a dismissal is reviewed under the same standard as a dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).   Dismissal with prejudice is appropriate only when there is "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice."   *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018) (citation omitted).   A plain record of delay or contumacious conduct is generally found if at least one of three factors

4

also is present: (1) delay caused by the plaintiff, not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by the plaintiff's intentional conduct.  *Id.* (citations omitted).

As noted above, Plaintiff filed this employment discrimination action in September 2018, citing discriminatory acts that allegedly culminated in June 2013.  Doc. 3 at 1-6.  Even assuming that Plaintiff will be time-barred from litigating this employment action in the future, dismissal under this heightened standard is still appropriate.  More than a year has passed since Plaintiff filed this action, and he has failed or refused to properly serve Defendants despite several court orders that specifically addressed the deficiencies in service.  Both of these factors demonstrate a clear record of delay and contumacious conduct that is solely attributable to him. *Griggs*, 905 F.3d at 844.  An additional aggravating factor is Plaintiff's serial filing of the same cause of action, which has also resulted in dismissal for his failure to effect service of process. *See supra* at n.1.  Indeed, Plaintiff has repeatedly been advised that he cannot personally serve process in his own case and that he must comply with Rule 4(i), yet he persists in his attempts. *See, e.g.*, *Kelly*, Doc. #15 at 4-5; *Johnson*, Doc. #20, Doc. #24 at 3-4, Doc. #37, and Doc. #40 at 5-7.  Because the Court has specifically warned Plaintiff that his failure to properly serve Defendants would result in dismissal of this action and explained the deficiencies in service to him numerous times, a lesser sanction than dismissal would not better serve the interests of justice.  *Griggs*, 905 F.3d at 844.

**E.  Conclusion**

For the foregoing reasons, it is **RECOMMENDED** that this case be **DISMISSED** due to Plaintiff's failure to timely serve Defendants with summonses and copies of his complaint as required by Rule 4(m).  Plaintiff should also be warned that if he persists in filing fee-paid

5

complaints but failing in his responsibility to properly effectuate service, he will be subject to the imposition of sanctions, including monetary penalties and restrictions on his privilege to file civil actions in the future. *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**SO RECOMMENDED** on October 28, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).